O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 09-723 DOC (PJWx)                                              Date: October 13, 2009

Title: GARY E. MERTAN and JILL L. MERTAN v. AMERICAN HOME MORTGAGE SERVICING, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                        Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kristee Hopkins | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART MOTION TO DISMISS;
                                                  GRANTING MOTION TO EXPUNGE LIS PENDENS;
                                                  DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS

Before the Court is Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively "Defendants") Motion to Dismiss the First Amended Complaint ("FAC") for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Dismissal Motion"). Also before the Court is Defendants' Motion to Expunge Lis Pendens and Request for Attorney's Fees and Costs (the "Expungement Motion"). The Court finds the matters appropriate for decision without oral argument. FED. R. CIV. P. 78; LOCAL R. 7-15. After considering the moving, opposing, and replying papers, the Court hereby rules as follows:

**I.    Background**

This matter involves a loan taken out by Plaintiffs Gary E. Mertan and Jill E. Mertan

("Plaintiffs" or the "Mertans") on May 31, 2006, with Defendant AHMSI. The loan was secured against the Plaintiffs' personal residence. Plaintiffs bring the instant suit primarily contending that Defendants AHMSI and MERS failed to provide accurate material disclosures with respect to the loan and have also failed to provide, or even negotiate, an appropriate loan modification in order to prevent Plaintiffs' home from being foreclosed upon. FAC, ¶ 1. Specifically, Plaintiffs contend that they were never provided statutorily required notices of their right to cancel the loan. *Id*. at ¶¶ 16,17. In addition, they claim that required material disclosure were not made with respect to the loan's terms, such as the actual interest rate on the loan or that making payments according to the loans terms would result in negative amortization. *Id*. at ¶¶ 17, 30. Plaintiffs further contend that they have timely tendered their monthly payments to Defendant AHMSI but AHMSI began rejecting those payment in June 2009, and that the alleged amount due on their account ($3,645.56) must be the result of improper conduct by Defendants. *Id*. at ¶¶ 63-65. Furthermore, Plaintiffs contend that on May 16, 2009, they sent a letter to AHMSI indicating their intent to rescind the loan, but AHMSI allegedly failed to respond to the rescission notice or take any other steps to effectuate rescission. *Id*. at ¶¶ 22-23. While the FAC makes it unclear if foreclosure proceedings have even been initiated, Plaintiffs also ask this Court to postpone any foreclosure proceedings until Defendants engage in loan modification negotiations with Plaintiffs and offer Plaintiffs a proper modification. *Id*. at ¶ 43.

Thus, by their FAC, Plaintiffs raise the following twenty causes of action: (1) Truth in Lending Act ("TILA") Violations - Notice of Right to Cancel; (2) TILA Violations - Material Disclosures; (3) Real Estate Settlement Procedures Act ("RESPA") Violations (12 U.S.C. § 2605(e)(1)); (4) RESPA Violations (12 U.S.C. § 2605(e)(2)); (5) National Housing Act ("NHA") Violations (12 U.S.C. § 1701x(c)(5)); (6) California Civil Code § 2923.53 Violations; (7) California Civil Code § 2923.6 Violations; (8) Breach of Contract - Mortgage Covenants; (9) Civil Conspiracy; (10) Negligent Servicing; (11) Breach of Contract - Third Party Beneficiary; (12) Unfair Debt Collection Practices; (13) California Business & Professions Code § 17200; (14) Breach of Implied Covenant of Good Faith and Fair Dealing; (15) Cancellation of Instrument; (16) Quiet Title; (17) Accounting; (18) Unconscionability; (19) Rescission in Equity; and (20) Unjust Enrichment/Double Dipping. Defendants brought the instant Dismissal Motion on August 21, 2009, and the Expungement Motion on August 28, 2009.

## II. Legal Standard

### a. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory).

Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Twombly*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699. Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Additionally, in cases where fraud is alleged, Federal Rule of Civil Procedure 9(b) requires that allegations be stated with particularity. Allegations of fraud must "state the time, place and specific content of the false representations as well as the parties to the misrepresentations." *Alan Neuman Prod., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986).

In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original). In other words, the court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) and no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under 12(b)(6). *Id*.

    **b.**    **Motion to Expunge Lis Pendens**

"A lis pendens is recorded by someone asserting a real property claim, to give notice that

a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." *Federal Deposit Ins. Corp. v. Charlton*, 17 Cal. App. 4th 1066, 1069 (1993) (*citing* Cal. Code Civ. Pro. §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment. . . Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." *BGJ Associates, LLC v. Superior Court of Los Angeles*, 75 Cal. App. 4th 952, 966-67 (1999). Yet a lis pendens is relatively easy to be recorded. Accordingly, case law and legislative intent reflects a historical reluctancy to apply a lis pendens to guard against the serious consequences flowing from it. *See id.* ("lis pendens is a provisional remedy which should be applied narrowly").

The legislature revised the California lis pendens statute in 1992. The revisions reflect this caution toward lis pendens, rendering it easier to expunge. A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal. Code Civ. Pro. § 405.30. The claimant, that is, the person who recorded the notice of lis pendens, shall have the burden of proof. *Id*.

Under the 1992 revisions, a court shall order the notice expunged if it finds *either* that the pleading on which the notice is based does not contain a real property claim (§ 405.31, the "real property claim" prong), *or* that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim (§ 405.32, the "probable validity" prong). *Hunting World, Inc. v. Superior Court of San Francisco*, 22 Cal. App. 4th 67, 70-71 (1994). A "real property claim" is defined as a cause of action which would, if meritorious, affect title to, or the right of possession of, specific real property. Cal. Code Civ. Pro. § 405.4.

### III.   Discussion

#### a.   Motion to Dismiss for Failure to State Claim

As a preliminary matter, the FAC is completely devoid of factual allegations with respect to Defendant MERS. Indeed, Plaintiffs primarily make allegations as to Defendant AHMSI and only passingly refer to MERS. As such, the entire complaint is dismissed as to Defendant MERS due to this lack of factual support.

##### 1.   First and Second Causes of Action: TILA Violations - Notice of Right to Cancel and Material Disclosures

Defendant AHMSI argues that it cannot be held liable pursuant to, *inter alia*, the First and Second Cause of Action. AHMSI specifically contends that, as the current servicer of the loan, it was in no way involved with the origination of the loan, and the requisite disclosures dealt with by these two causes of action only speak to loan origination. In support of its position, AHMSI asks that the Court take judicial notice of the Deed of Trust that lists American Home Mortgage, not AHMSI, as the

original lender. Plaintiffs do not oppose this request for judicial notice. In addition, by their opposition, "Plaintiffs concede that rescission is unavailable as to AHMSI, unless discovery shows that AHMSI is in fact the owner or note holder of the subject loan." Pls.'s Opp. at 2. Plaintiffs further ask "that the Court grant leave to amend the FAC in order to add American Homer Mortgage and/or the current owners of the subject loan to this action and TILA claims." *Id*. Based on this concession, the Court hereby dismisses the first and second cause of action as to Defendant AHMSI.

### 2. Third and Fourth Causes of Action: RESPA Violations - 12 U.S.C. § 2605(e)(1)-(2).

By their opposition, Plaintiffs "concede that damages under RESPA are unavailable as to AHMSI unless discovery shows that AHMSI and American Home Mortgage are actually one in [sic] the same company. Plaintiffs respectfully request that the Court grant leave to amend the FAC in order to add American Home Mortgage to this action and RESPA claims." Pls.'s Opp. at 5. Therefore, the Court dismisses the Third and Fourth Cause of Action against Defendant AHMSI.

### 3. Fifth Cause of Action: NHA Violations - 12 U.S.C. § 1701x(c)(5)

Plaintiffs claim under the NHA fail for two reasons. First, the FAC simply does not allege facts demonstrating that Plaintiffs are "eligible homeowners" under the code section, despite Plaintiffs' protestations to the contrary. *See* 12 U.S.C. § 1701x(c)(4) (listing all the eligibility requirements). Specifically, Plaintiffs' allegations are deficient as to 12 U.S.C. § 1701x(c)(4)(C). Furthermore, the Court agrees with other district courts opining that the NHA "and regulations promulgated thereunder deal only with relations between mortgagee and government and give mortgagors no claim to duty owed nor remedy," *Baker v. Northland Mortg. Co.*, 344 F. Supp. 1385 (N.D. Ill. 1972), suggesting that Plaintiffs both have no claim under this statute, or alternatively, that there is no intended private right of action.

### 4. Sixth Cause of Action: California Civil Code § 2923.53 Violations

By their Sixth Cause of Action, Plaintiffs allege that Defendants violated Cal. Civ. Code § 2923.53 ("Section 2923.53"). Plaintiffs begin by citing to Cal. Civ. Code § 2923.52 ("Section 2923.52") which requires, in certain circumstances, a foreclosing entity to wait at least 90 days between filing a notice of default and a notice of sale in order to provide the parties an opportunity to pursue a loan modification. The provisions of Section 2923.53 only address the fact that if an entity establishes a qualifying loan modification program, it will be exempt from the notice of sale requirements outlined in Section 2923.52 and further provides the procedure for being deemed a qualifying entity. Nothing in that provision suggests that where a notice of sale has not even been recorded, Defendants can be held in violation of Section 2923.53 by borrowers. In moving to dismiss this claim, Defendants point out that neither a notice of default nor a notice of sale have been recorded. As such, any alleged violations of Section 2923.52 or 2923.53 are premature. The Court agrees. Furthermore, Plaintiffs' opposition is

confused at best. Plaintiffs merely reiterate their position that Defendants have represented themselves as exempt entities under Section 2923.53. However, this position does not explain how Plaintiffs have alleged a viable, ripe cause of action with respect to these code sections, especially as Plaintiffs do not aver that a notice of default or notice of sale has been recorded on the property. Thus, the Court dismisses the Sixth Cause of Action.

    5.  **Seventh Cause of Action: California Civil Code § 2923.6 Violations**

  While the Court recognizes that Cal. Civ. Code § 2923.6 is meant to "help curb the [current] wave of foreclosures," the Court agrees with the many district courts in this circuit that have held the plain language of the statute neither requires an offer of a loan modification nor mandates the acceptance of a modification suggested by the borrower. *Connors v. Home Loan Corp.*, No. 08cv1134-L(LSP), 2009 WL 1615989, *1, *8 (S.D. Cal. June 9, 2009); *see also Farner v. Countrywide Home Loans*, No. 08cv2193 BTM(AJB), 2009 WL 189025, *1, *2 (S.D. Cal. Jan. 26, 2009); *Pittman v. Barclays Capital Real Estate, Inc.*, No. 09 CV 041 JM (AJB), 2009 WL 1108889, *1, *3 (S.D. Cal. Apr. 24, 2009). In addition, district courts within this circuit consistently hold that the statute does not create a private right of action for individual plaintiffs. *Id*. Therefore, the Court hereby dismisses the Seventh Cause of Action.

    6.  **Eighth Cause of Action: Breach of Contract - Mortgage and Mortgage Payment Covenants**

  By their Eighth Cause of Action, Plaintiffs contend that Defendants took Plaintiffs mortgage payments and put them towards "fees and charges rather than to principal and interest in violation of the mortgage payment covenant." FAC, ¶ 126. Plaintiffs claim damages in that their loan was improperly declared late with a past due amount that they could then not afford to pay. *Id*. As Plaintiffs properly point out, Defendants' moving papers fail to present any argument for dismissal of this claim. Specifically, Defendants argue that the Eighth Cause of Action and Eleventh Cause of Action fail to state a claim, but Defendants only address the Eleventh Cause of Action. Defendants try to remedy this deficiency in their reply papers. However, not only is this avenue procedurally improper, but the Court also finds Plaintiffs' allegations serious. To the extent Plaintiffs paid money to AHMSI, and AHMSI failed to properly credit their account and deemed them late on their monthly payments (subjecting Plaintiffs to impending foreclosure), the Court is gravely concerned. At the same time, the Court recognizes that a breach of contract claim may not be the appropriate avenue to raise such an assertion if Defendant AHMSI has a viable argument that it is not party to the loan contract. However, failing to raise any substantive allegations with respect to this claim in their moving papers, the Court will not here grant Defendants' Dismissal Motion as to Defendant AHMSI.

    7.  **Ninth Cause of Action: Civil Conspiracy**

  To state a cause of action for conspiracy under California law, Plaintiffs must plead: "(1)

the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant threreto [sic]; and the damage resulting from such act or acts." *Schick v. Lerner*, 193 Cal. App. 3d 1321, 1327-28 (1987). "A civil conspiracy is simply a corrupt agreement; it is: '...a combination of two ore more persons to accomplish an evil or unlawful purpose.'" *117 Sales Corp. v. Olson*, 80 Cal. App. 3d 645, 649 (1978) (quoting *Southern Cal. Disinfecting Co. v. Lomkin*, 183 Cal. App. 2d 431, 488 (1960)).

Plaintiffs' allegations with respect to civil conspiracy are entirely too vague and conclusory to sufficiently state a claim. For example, Plaintiffs state, "Defendants are engaged in conduct the result of which leads to foreclosure actions against unsuspecting borrowers in violation of law." FAC, ¶ 132. However, as stated before, Plaintiffs make it unclear if they are actually being foreclosed upon or if they are suffering other specific damages caused by a "conspiracy." In addition, as the Court stated previously, Plaintiffs fail to state any facts with respect to Defendant MERS involvement in the instant suit. As such, Plaintiffs' conspiracy allegations are also rendered deficient as a conspiracy requires two or more persons. Here, Plaintiffs make it unclear how or if Defendant AHMSI entered into an unlawful conspiracy with Defendant MERS or if separate individuals at AHMSI entered into an unlawful conspiracy. With such deficient facts, Plaintiffs fail to state a claim.

### 8.   Tenth Cause of Action: Negligent Servicing

Defendants do not move to dismiss the Tenth Cause of Action. Their moving papers simply do not address the Negligent Servicing Cause of Action. Yet, in their reply briefing, they fault Plaintiffs for not opposing the Dismissal Motion with respect to this claim. However, Defendants' position is dubious at best. They simply cannot move to dismiss claims in their reply brief only. As such, the Negligent Servicing Claim remains.

### 9.   Eleventh Cause of Action: Breach of Contract - Third Party Beneficiary

By their Eleventh Cause of Action, Plaintiffs contend that "AHMSI is the promisor who contracted with the US Government, the promisee, to render performance of loan modifications for borrowers such as Plaintiffs who qualify." FAC, ¶ 151. Furthermore, Plaintiffs contend that they are "intended beneficiaries of the contract between parties as eligible borrowers are identified in the contract and receive performance directly from the promisor, AHMSI." *Id.* at ¶ 152. In other words, Plaintiffs contend that they were third party beneficiaries to AHMSI's contract with the federal government and because they did not receive a loan modification, Defendant AHMSI is in breach of said contract that Plaintiffs are able to enforce. However, Plaintiffs claim is too conclusory and factually inadequate as written. First, Plaintiffs do not make it clear if Defendant AHMSI would actually be considered in breach of the contract at issue, attached as Exhibit B to the FAC, simply by failing to provide these particular Plaintiffs a loan modification. In addition, the assertion that Plaintiffs are third party beneficiaries with the power to enforce the contract is not adequately supported by pled facts. *See* Justice William Masterson, et al., CAL. CIV. PRAC. BUSINESS LITIGATION § 25:4 (Sept. 2009) ("[T]he key factor to be determined to allow a third party to enforce a contract is whether an intent to

benefit the third party appears from the terms of the contract....It must appear to have been the intention of the parties that the third party personally benefit from its provisions."). Here, despite attaching the contract to the complaint, Plaintiffs provide virtually no support for their conclusory contention that the contracting parties intended individuals such as Plaintiffs to be able to enforce the contracts terms. For these reasons, the Eleventh Cause of Action is dismissed.

### 10. Twelfth Cause of Action: Unfair Debt Collection Practices Act

By their Twelfth Cause of Action, Plaintiffs allege that Defendants violated both the California and Federal Unfair Debt Collection Practices Acts. However, Plaintiffs include virtually no factual allegations with respect to these charges; thus, the Court cannot tell exactly how Defendants allegedly violated these statutes. Furthermore, this Court is of the position that foreclosing on a property is not the collection of a debt within the meaning of either the federal or California act. *See* 15 U.S.C. § 1692a(6); *see, e.g., Scott v. Wells Home Mortg. Inc.*, 326 F. Supp. 2d 709, 717-18 (E.D. Va. 2003); *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985); *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (holding mortgage "foreclosure does not constitute debt collection under the [California act]"). Thus, as of yet, Plaintiffs have failed to allege a viable claim by their Twelfth Cause of Action. In addition, to the extent Plaintiffs cursorily refer to RESPA in this cause of action, the Court finds such citation duplicative of other claims and also factually unsupported.

### 11. Thirteenth Cause of Action: California Business & Professions Code § 17200 Violations

In order to state a claim for Cal. Bus. & Prof. Code § 17200 ("Section 17200"), Plaintiffs must allege with reasonable particularity that Defendants have engaged in an "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Here, Plaintiffs contend that the other substantive causes of action provide the underlying "unlawful, unfair, or fraudulent business act or practice." However, as this order stands, the only remaining causes of action against Defendant AHMSI are those claims that Defendants failed to properly move for dismissal, i.e. the negligent servicing claim and the breach of contract claim. The Ninth Circuit, in interpreting Section 17200, recognizes that in some circumstances, "'[a] breach of contract may form the predicate for a section 17200 claim, provided it also constituted conduct that is unlawful, or unfair, or fraudulent.'" *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (quoting *Nat'l Rural Telecomm. Co-op. v. DIRECTV, Inc.,* 319 F. Supp. 2d 1059, 1074 (C.D. Cal. 2003). In affirming the district court's dismissal of the Section 17200 claim, the Ninth Circuit noted that plaintiffs "ha[d] not pled that the breaches of contract [were] independently unlawful, unfair, or fraudulent." *Id*. Here, too, with only the negligent servicing and breach of contract claims surviving, the Section 17200 claim is not pled with the requisite particularity, especially as Plaintiffs primarily address predicate acts based on dismissed claims. Thus, the Section 17200 claim is dismissed as it is not yet pled with reasonable particularity. *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal.

1997) (a "plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation'" (quoting *Khoury v. Maly's of Calif.*, 14 Cal. App. 4th 612, 619 (1993))).

### 12. Fourteenth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing.

California law recognizes that every contract "imposes upon each party a duty of good faith and fair dealing in its performance." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 798 (2008). However, tort recovery for breach of the covenant "is available only in limited circumstances, generally involving a special relationship between the contracting parties." *Bionghi v. Metro. Water Dist.*, 70 Cal. App. 4th 1358, 1370 (1999). In addition, California courts reject arguments "that the tort doctrine which has been extended only to situations where there are unique fiduciary-like relationship between the parties, should encompass normal commercial banking transactions." *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 729 (1989). As Defendants point out, Plaintiffs have failed to allege the requisite special relationship between the parties in order to support this cause of action, especially considering California courts typically do not treat the relationship between a borrower and a lender, etc., as such a special relationship. In addition, to the extent that AHMSI is in fact merely the loan servicer, AHMSI is not a party to the deed of trust, and Plaintiffs have failed to allege any additional facts with respect to this cause of action that establish an implied contract. Therefore, this claim must be dismissed.

In addition, while the FAC actually raises a number of alleged violations, in their opposition briefing, Plaintiffs only contend that the wrongdoing by Defendants supporting this cause of action are the failures to make requisite disclosures. However, Plaintiffs agreed in the same opposition briefing that Defendants are not implicated by those disclosures. Thus, this insufficient opposition also supports dismissal.

### 13. Fifteenth Cause of Action: Cancellation of Instrument

Plaintiffs aver that "[a]s a result of the wrongful and/or illegal acts of [Defendants] there was a Deed of Trust recorded on the subject property whereby Defendants are seeking to foreclose on the subject property and obtain title to the subject property through an instrument purported to be a valid Trustee's Deed, or other such instrument or transfer." FAC, ¶184. Plaintiffs thus ask that the Court cancel the Deed of Trust. As written, Plaintiffs' request to cancel the deed of trust is too vague and ambiguous. Specifically, it appears that Plaintiffs contend that wrongful conduct caused the Deed of Trust to be recorded in the first instance and that this request to cancel speaks to those initial wrongful acts. However, as admitted by Plaintiffs in various portions of their opposition briefing, Defendant AHMSI did not participate in the loan origination. As such, it is not plausible that the Deed of Trust was recorded "as a result" of any allegedly wrongful conduct by AHMSI. Furthermore, the requested relief here sounds in equity and, as discussed more fully with respect to the Nineteenth Cause

of Action, Plaintiffs have inadequately pled tender as a seemingly necessary prerequisite to cancellation of the instrument. Plaintiffs must clarify these ambiguities in order to state a viable claim.

### 14. Sixteenth Cause of Action: Quiet Title

Under California law, a quiet title action determines "all conflicting claims to the property in controversy, and [decrees] to each such interest or estate therein as he may be entitled to." *Newman v. Cornelius*, 3 Cal. App. 3d 279, 284 (1970). Specifically, Cal. Code Civ. Pro. § 760.020 allows an action "to establish title against adverse claims to real or personal property or any interest therein." Cal. Code Civ. Pro. § 760.020(a). In addition, Cal. Code Civ. Pro. §761.020 outlines the required contents of a quiet title action, including that the complaint must be verified. Plaintiffs simply have not met these requirements. For example, not only is the complaint not verified, but among other things, Plaintiffs fail to plead the requisite contents, such as the "date as of which the determination is sought" or that the named Defendants, in particular, aver an "adverse claim" to the property. *See generally* Cal. Code Civ. Pro. § 761.020.

Furthermore, in order to allege quiet title, Plaintiffs have to allege tender or offer of tender of the amount borrowed and due. *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984). For reasons discussed more fully with respect to the Nineteenth Cause of Action, Plaintiffs' tender allegations are currently deficient.

### 15. Seventeenth Cause of Action: Accounting

Plaintiffs demand an accounting pursuant to 15 U.S.C. § 1635(b) and 12 U.S.C. § 2605. In other words, Plaintiffs contend that Defendants owe them an accounting pursuant to TILA and RESPA. However, Plaintiffs concede that, as of yet, they have failed to allege a violation of these statutes as to AHMSI or MERS and seek leave to amend. As such, they have also not stated a basis for a court-ordered accounting pursuant to these statutes.

### 16. Nineteenth Cause of Action: Rescission in Equity

By this cause of action, Plaintiffs contend that they should be able to rescind the loan in equity in the event that TILA rescission is unavailable. Conceding that they have not tendered the amount due under the loan, Plaintiffs contend that they "have offered a loan modification proposal to Defendants as a substitute tender and an offer to do equity." FAC, ¶ 204. Plaintiffs further claim that "[d]ue to the current economic recession, restoration or offer to restore is not essential." *Id*. at ¶ 205. While the Court is aware of the harsh economic environment affecting many hardworking individuals, there is no basis for Plaintiffs' contention that they do not have to tender the amount due on the loan or offer to tender such amount in order to effectuate a rescission in equity. Indeed, under California law, in order to affect rescission, a party must "[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do

likewise, unless the latter is unable or positively refuses to do so." Cal. Civ. Code § 1691(b). Plaintiffs clearly have not tendered or offered to tender the amount due on the loan. In addition, Plaintiffs claim that the amount due on the loan is at issue in this case as Plaintiffs claim certain payments were not properly credited to their account. However, while raising a serious issue, Plaintiffs still fail to allege a right to rescind as they do not even make a clear offer of tender upon accounting. Instead, it appears that they assume they should be excepted from the tender requirement altogether or that a proposed loan modification can function as a proper tender under California law without supporting such a position with any legal authority.

### 17.     Eighteenth Cause of Action:  Unconscionability

As a preliminary matter, unconscionability is a defense to the enforcement of a contract rather than an affirmative cause of action. *See, e.g.*, Justice William Masterson, et al., CAL. CIV. PRAC. BUSINESS LITIGATION § 54:55 (Sept. 2009). Thus, Plaintiffs have failed to state a cognizable claim. In addition, as Defendants point out, to the extent Plaintiffs mean to allege a cognizable cause of action, this claim appears to be premised on fraud. As such, Plaintiffs have not met the heightened pleading requirements under Fed. R. Civ. P. 9(b) to state a fraud cause of action. For example, Plaintiffs do not allege who strong-armed or misrepresented the terms of the loan contract to Plaintiffs, when such activities took place, and in what manner. In addition, if Plaintiffs only allege wrongdoing with respect to loan origination, as stated *supra*, they have failed to implicate AHMSI in this process (a point they appear to concede in part). With such conclusory allegations and to the extent that Plaintiffs do mean to allege fraud here, they have failed.

In addition, Plaintiffs opposition with respect to this claim is seemingly misguided. Put differently, Plaintiffs argue that they have stated a viable claim here by reasserting their allegations with respect to their Eighth Cause of Action for Breach of Mortgage Covenants. To the extent Plaintiffs mean to contend that these claims raise the same facts and legal arguments, the claims are unnecessarily repetitive. Plaintiffs need to more clearly articulate if they mean to raise these allegations in a breach of contract claim (a claim that the Court previously found Defendants did not properly move to dismiss, though the Court at least admonishes Plaintiffs going forward that they must make clear exactly who is a party to the mortgage contract), and/or if they mean to raise these facts in the context of a fraud claim. In any event, the Court hereby dismisses the Eighteenth Cause of Action.

### 18.     Twentieth Cause of Action: Unjust Enrichment/Double Dipping

By their Twentieth Cause of Action, Plaintiffs contend that Defendants have been unjustly enriched at Plaintiffs' expense, incorporating all preceding causes of action. Plaintiffs especially focus on the fact that AHMSI allegedly retained $1.3 billion in Troubled Assets Relief Program ("TARP") funds under the Economic Stabilization Act of 2008 and then did not provide Plaintiffs with a loan modification. Thus, "Defendants' retention of funds paid by Plaintiffs violates the fundamental principles of justice, equity, and good conscience." FAC, ¶213. However, with respect to

the allegations that AHMSI has received TARP funds, the Court sees no viable unjust enrichment claim. In those circumstances, the money conferred on Defendants came from the U.S. Government, not Plaintiffs. Furthermore, in conceding that Plaintiffs failed to state a claim against Defendants with respect to the first through fourth claims, Plaintiffs admit that AHMSI, as far as they currently know, is the servicer of the loan and ask to amend the FAC to include American Home Mortgage as the owner of the loan. As such, Plaintiffs do not appear to counter Defendants' position that AHMSI did not retain the loan payments but merely collected them on behalf of the lender. Finally, to the extent AHMSI actually collected and retained payments from Plaintiffs that were excessive, the Eleventh Cause of Action speaks to such issues and the Prayer for Relief also captures the request for restitution. Therefore, not only is the claim deficiently alleged, but it is unnecessarily duplicative. Put differently, if AHMSI kept monies from Plaintiffs that AHMSI was not owed, the FAC already provides for such relief in the Prayer for Relief section and in other substantive claims. Thus, the unjust enrichment claim is dismissed at this point.

  **b. Motion to Expunge Lis Pendens**

  As a threshold matter, the parties agree that at least the First, Second, Fifth, Sixth, Thirteenth, Fifteenth, Sixteenth, Eighteenth, and Nineteenth Causes of Action could be characterized as real property claims as relief sought might affect title to or the right to possess the property (indeed, in opposing the Expungement Motion, Plaintiffs do not contend that other claims in the FAC constitute real property claims covered by the relevant code sections). However, the crux of the dispute is whether Plaintiffs have established the probable validity of any of the real property claims. As the above motion to dismiss analysis makes clear, Plaintiffs have yet to properly plead any of the identified real property claims. As such, the Court hereby expunges the lis pendens.

  Cal. Code Civ. Pro. § 405.38 states, "The court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Pursuant to the statute, Defendants seek their reasonable attorney's fees and costs in the amount of $2,620.00. However, the Court declines to yet award attorney's fees as the Court deems such an award unjust at the present time. First, by this order, the Court grants Plaintiffs leave to amend. Therefore, the Court finds it premature to award attorney's fees to the extent Plaintiffs decide to amend their complaint and are able to remedy the identified deficiencies. In addition, while Plaintiffs have failed to properly allege any real property claims, they also aver potentially serious wrongdoing by at least Defendant AHMSI if AHMSI misapplied Plaintiffs' loan payments and then declared Plaintiffs in arrears on their loan. The Court here takes no position on such allegations and recognizes that they do not clearly reach the real property claims, but notes that Defendants failed to properly move to dismiss such allegations, as discussed *supra*. Under these circumstances and with Plaintiffs potentially facing foreclosure, the Court will not award attorney's fees and costs.

**IV.     Disposition**

For the foregoing reasons, the Court hereby DISMISSES the FAC in its entirety as to Defendant MERS.  In addition, the Court DISMISSES the complaint as to Defendant AHMSI except with respect to the Eighth Cause of Action for Breach of Contract (Mortgage Covenants) and the Tenth Cause of Action for Negligent Servicing.  Furthermore, the Court GRANTS Defendants Motion to Expunge Lis Pendens, but DECLINES to yet award attorney's fees and costs.  Plaintiffs have twenty (20) days leave to amend consistent with this order.  Defendants have twenty (20) days thereafter to respond.

The Clerk shall serve this minute order on all parties to the action.